**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**KEVIN CERVANTES,**

       **Plaintiff,**　　　　　　　　　　　　　　　　　　**Case No. 2:25-cv-534-GJF-JHR**

**LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, MARK GALLEGOS,**

       **Defendants.**

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 2, 2025, and was attended

by:

Benjamin Gubernick for Plaintiff Kevin Cervantes

Benjamin J. Young for Defendants Lea County Board of County Commissioners and Mark Gallegos

### NATURE OF THE CASE

Plaintiff Kevin Cervantes was involved in a domestic call with his wife to which Hobbs Police Department responded. Plaintiff asserts that a lieutenant with Lea County Sheriff's Office, who had personal animus toward Plaintiff, provided Hobbs Police Department with information and evidence related to the domestic call. This resulted in Hobbs Police Department filing criminal charges against Plaintiff. Subsequently, Plaintiff, who was employed as an officer at the Lea County Detention, was given notice that he was terminated effective immediately. He alleges this violated his right to due process. Plaintiff alleges that Mark Gallegos made the decision to terminate him. Plaintiff brings the following two claims:

- Violation of the Fourteenth Amendment – Procedural Due Process
  42 U.S.C. § 1983 (Against Gallegos in his individual capacity

- Breach of Contract

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff(s) should be allowed until **August 10, 2025** to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: Nothing at this time.

Defendants(s) should be allowed until **September 10, 2025** to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

Federal and state law governing due process and employment claims.

## PLAINTIFF'S CONTENTIONS:

Plaintiff contends that he had worked for the county for ten years and already completed a probationary period. Plaintiff further contends that he was only classified as probationary employee for purposes of a promotion he recently obtained. Plaintiff contends that his termination was without any due process and thus unlawful. Per the County's employment handbook, any transfer or promotion results in a new one-year probationary period. Accordingly, Plaintiff alleges that, under the County's theory, a loophole exists where any employee can be terminated, without cause, for any reason, regardless of tenure.

## DEFENDANTS' CONTENTIONS

Defendants contend that Plaintiff was properly dismissed as a probationary employee with cause supporting the decision to terminate.

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**PLAINTIFF'S ANTICIPATED WITNESSES**

1.  Kevin Cervantes, Plaintiff
    c/o Benjamin Gubernick
    WGLA, LLP
    717 Texas Ave.
    Houston, TX 77002
    (346) 341-0169

    Kevin Cervantes is expected to testify concerning his knowledge of the facts and circumstances surrounding the allegations in his Complaint.

2.  Mark Gallegos, Lea County Detention Center
    c/o Benjamin J. Young
    Mynatt Springer P.C.
    P.O. Box 2699
    Las Cruces, NM 88004-2699
    (575) 524-8812

    Mr. Gallegos is expected to testify on the decision to terminate Plaintiff, and the due process (if any) afforded Plaintiff.

3.  Craig Bova, Lea County Human Resources Director
    c/o Benjamin J. Young
    Mynatt Springer P.C.
    P.O. Box 2699
    Las Cruces, NM 88004-2699
    (575) 524-8812

    Mr. Bova is expected to testify concerning Lea County's employee policies and procedures.

## PLAINTIFF'S ANTICIPATED EXPERTS

Plaintiff does not anticipate calling expert witnesses at this time.

## PLAINTIFF'S ANTICIPATED EXHIBITS

1.  Plaintiff's Lea County Personnel File

2.  Lea County Employee Policies and Procedures

## DEFENDANTS' ANTICIPATED WITNESSES

4.  Kevin Cervantes, Plaintiff
    c/o Benjamin Gubernick
    WGLA, LLP

717 Texas Ave.
Houston, TX 77002
(346) 341-0169

Kevin Cervantes is expected to testify concerning his knowledge of the facts and circumstances surrounding the allegations in his Complaint.

5. Mark Gallegos, Lea County Detention Center
   c/o Benjamin J. Young
   Mynatt Springer P.C.
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812

   Mr. Gallegos is the Lea County Detention Center Administrator. He is expected to testify concerning Plaintiff's employment and the basis for his termination.

6. Craig Bova, Lea County Human Resources Director
   c/o Benjamin J. Young
   Mynatt Springer P.C.
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812

   Mr. Bova is Lea County's Human Resources Director. He is expected to testify concerning his knowledge of Lea County's employee policies and procedures and the basis for Plaintiff's termination.

7. Kelly Livingston, Lea County Assistant County Manager for Justice & Human Services
   c/o Benjamin J. Young
   Mynatt Springer P.C.
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812

   Ms. Livingston is Lea County's Assistant County Manager for Justice and Human Services. She is expected to testify concerning her knowledge of Lea County's employee policies and procedures and the basis for Plaintiff's termination.

8. Any witnesses identified through discovery.

9. Any witnesses for impeachment or rebuttal.

10. Any witnesses necessary for authentication.

11. Any witnesses identified by the Plaintiff.

## DEFENDANTS' ANTICIPATED EXPERTS

Defendants do not anticipate calling and expert at this time but may call an expert if necessary to rebut expert(s) relied upon by the Plaintiff. Defendants reserve the right to supplement this disclosure in accordance with the Court's Orders, the Federal Rules of Civil Procedure and the Local Rules of the District.

## DEFENDANTS' ANTICIPATED EXHIBITS

As of the date of this Report, Defendants anticipate it may rely on the following exhibits:

1.  Plaintiff's Lea County Personnel File

2.  Lea County Employee Policies and Procedures

3.  Criminal Complaint in *State of New Mexico v. Kevin Cervantes*, Case No. 25H03277

4.  Video of incident on January 30, 2025 involving Plaintiff and his wife

5.  Any other exhibits listed by or later produced or identified by Plaintiff during discovery.

6.  Any and all documents or tangible things provided to or relied on by any expert retained by Plaintiff in this matter.

7.  Copies of depositions of parties or witnesses.

8.  Any exhibits necessary for rebuttal.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

Discovery will be needed on the following subjects:  all information related to allegations contained in Plaintiff's Complaint.

Maximum of **25** interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of **25** requests for production by each party to any other party.  (Responses due 30 days after service).

Maximum of **25** requests for admission by each party to any other party.  (Response due 30 days after service).

Maximum of **10** depositions by each side.

Each deposition (other than of parties and expert witnesses) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by **October 1, 2025**

from Defendant(s) by **November 1, 2025**

Supplementation under Rule 26(e) due in accordance with the Federal Rules of Civil Procedure.

All discovery commenced in time to be complete by **January 11, 2026** (i.e. 180 days from Rule 16 Conference).

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file:

Defendant intends to file: A motion for qualified immunity and summary judgment.

## ESTIMATED TRIAL TIME

The parties estimate trial will require two days.

_____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference in **March 2026**.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to a decision on a dispositive motion. The parties request a settlement conference in **four months**.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

WGLA, LLP

_/s/ Approved electronically 7/10/25_
BENJAMIN GUBERNICK
717 Texas Ave., Suite 1200
Houston, TX 77002
(346) 394-8056
ben@wglawllp.com
_Attorney for Plaintiff_

MYNATT SPRINGER P.C.

BENJAMIN J. YOUNG
New Mexico Bar No. 144702
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
bjy@mynattspringer.com
_Attorneys for Defendants_