IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KEVIN CERVANTES,**

      **Plaintiff,**                                                     Case No. 2:25-cv-534-GJF-JHR

**LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, MARK GALLEGOS,**

      **Defendants.**

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT [DOC. 24]

Defendants Lea County Board of County Commissioners ("Lea County") and Mark Gallegos ("Gallegos"), by and through counsel of record, MYNATT SPRINGER P.C. (Benjamin J. Young), responds to *Plaintiff's Motion for Partial Summary Judgment* [Doc. 24], and, in support of such, states the following:

The plain language of Lea County's personnel manual clearly supports Defendant Gallegos' recommendation and Lea County's decision to terminate Plaintiff. The personnel manual does not create a special category of "promoted probationary" employees who are entitled to special process or action. Rather, the personnel manual provides one definition of probationary employment, applicable to both new hires and promoted employees. In this instance, the Undisputed Facts set forth in both Defendants' and Plaintiff's Motions [Docs. 22 & 23, respectively] show Plaintiff was a probationary employee who was not entitled to any additional process when he was terminated after battering his ex-spouse. Ultimately, this Court must conclude Lea County did not breach the provisions of the employment manual nor did Gallegos commit any clearly established constitutional violation.

**RESPONSE TO PLAINTIFF'S UNDISPUTED MATERIAL FACTS**

Plaintiff primarily relies on Defendants' Answer [Doc. 3] for his listed undisputed material facts. Defendants incorporate the statements and defenses in their Answer [Doc. 3] as well as their four enumerated facts in their Motion [Doc. 22].[1] Any distinctions between the Answer [Doc. 3] and Plaintiff's listed facts should be construed as characterizations and argument.

**ARGUMENT**

Plaintiff contends he was entitled to a special category of probationary status that is not recognized in Lea County's personnel manual, the state of New Mexico, or Tenth Circuit precedent. This novel "promoted probationary" status, while theoretically intriguing, is not what the manual provides. Plaintiff relies heavily on a 9th Circuit case, *McGraw v. Huntington Beach,* 882 F.2d 384 (9th Cir. 1989) to support his position. That case, however, arises out of California and applies California law.

In the nearly four decades this case has existed, *McGraw* has apparently never been relied on in the Tenth Circuit or the state of New Mexico. Instead, New Mexico follows a simple, straightforward principle that probationary employees have no protected property interest in continued employment and can be terminated without process. *Rodriguez v. N.M. Dep't of Workforce Sols.*, 2012-NMCA-059, ¶ 11 (quoting *Cockrell v. Bd. of Regents*, 1999-NMCA-073, ¶ 3) ("Probationary employees have no expectancy of continued employment and may be terminated without cause and without procedural protections such as notice and a hearing"); *see also Lovato v. City of Albuquerque*, 1987-NMSC-086, ¶ 9 (quoting *Perkins v. Bd. of Dirs. of Sch. Admin. Dist.*, 686 F.2d

---

[1] There is a distinction between the motions as Defendants utilized Lea County's Second Amended Personnel Manual adopted in 2023 while Plaintiff relied on the Third Amended Personnel Manual adopted in 2024. The 2024 amendment reflects Lea County's creation of Assistant County Manager positions and their involvement in County operations. *See Ex. B, Dec. Craig Bova*. The 2024 amendment did not make any substantive changes to employment categories or disciplinary proceedings. *Id*.

49, 51 (1st Cir. 1982) ("[a] public employee has a constitutionally protected interest in continued employment where he has a reasonable expectation . . . that he will continue to be employed"). Federal courts look to these principles when they must determine whether a public employee has such a protected interest. *Reams v. City of Frontenac*, 587 F. Supp. 3d 1082, 1095 (D. Kan. 2022)(unpublished) (Courts look to state law to determine whether a plaintiff has such an interest).

Here, Lea County's employment manual clearly allowed Gallegos to recommend Plaintiff's termination as a probationary employee. There is no dispute that he was a probationary employee following his promotion. Section 3.1(H) provides that a probationary employee "may be terminated with or without cause at any time...". The manual does not redefine probationary periods for promoted employees. Instead, in addressing promoted employees during their probationary period, Section 3.1(Q) explains:

> If a regular employee having already completed one probationary period when originally hired, is promoted or transferred and does not satisfactorily complete the probationary period following the change of status, the employee <u>may</u> with the approval of the appropriate department head and the Human Resources Director be returned to the former position or a comparable position if such a position is available or an agreed upon subordinate position within the department if such is available. <u>It will solely be within the discretion</u> of the County Manager if the employee <u>may</u> return to the former position or a comparable or subordinate position. If such a position is not available, the employee will be dismissed (emphasis added).

The manual does not provide promoted probationary employees with a right to a demotion to a previous or otherwise unfilled position. Instead, the manual grants County Administration the discretion to transfer the employee to a previous or other subordinate position. The language could not be any more clear. Contractually, Defendant Gallegos was entitled to recommend Plaintiff's termination and the County was contractually enabled to exercise its discretion with respect to Plaintiff's continued employment. And, given the facts surrounding Plaintiff's violent offense, the

County exercised good, sound, and reasonable discretion and agreed with Defendant Gallegos' recommendation.

Practically speaking, a demotion to a position within the department would have exposed Lea County to potentially significant liability while raising serious questions about the ethics of employing a violent offender as a detention center officer. Also, Gallegos had been arrested and briefly incarcerated but he contends that he should have been allowed to guard the inmates he had been placed with.[2] Such a result would be nonsensical by comparison to the plain and clear language granting discretion to County Administration to determine whether a promoted probationary employee should be retained by the County.

## CONCLUSION

For the foregoing reasons, Defendants have shown that Plaintiff's motion should be denied as a matter of law. Defendants, therefore, respectfully request the Court deny Plaintiff's motion and grant Defendants the relief requested in their Motion [Doc. 22] and any other relief the Court deems just and proper.

Respectfully submitted,

MYNATT SPRINGER P.C.

*/s/ Benjamin J. Young*
BENJAMIN J. YOUNG
New Mexico Bar No. 144702
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
bjy@mynattspringer.com
*Attorney for Defendants*

---

[2] Plaintiff's counsel has developed a cottage industry of suing Lea County for various alleged constitutional and statutory infringements. It is not a stretch to imagine the wording of a complaint had Plaintiff been reinstated to a detention officer position.

**CERTIFICATE OF SERVICE**

  I certify that, on January 30, 2026, a copy of the foregoing pleading was served on the below counsel of record via CM/ECF and electronic mail:

  Benjamin Gubernick
  ben@wglawllp.com
  *Attorneys for Plaintiff*

                  _____
                  BENJAMIN J. YOUNG