IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN CERVANTES,

    Plaintiff,                                          No. 2:25-cv-00534-GJF-JHR

LEA COUNTY BOARD
OF COUNTY COMMISSIONERS,
MARK GALLEGOS,

    Defendants.

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND QUALIFIED IMMUNITY (DKT. 22)</u>**

Plaintiff Kevin Cervantes ("Plaintiff"), through undersigned counsel, files this opposition to Defendants Lea County Board of County Commissioners (the "Board") and Mark Gallegos' ("Gallegos") (collectively, "Defendants") Motion for Summary Judgment and Qualified Immunity (Dkt. 22, the "MSJ"). For the reasons discussed below, the MSJ is without merit and should be denied in its entirety.

**I.    INTRODUCTION**

Defendants' MSJ rests on basic misunderstandings about what due process means and how it works. Almost every argument the motion makes circles back to the same flawed idea: Defendants are entitled to summary judgment because "[t]he video plainly shows Plaintiff battering

1

his wife[.]" Def. Mot. at 1. Defendants have even lodged the video with the Court as an exhibit.

At bottom, Defendants' arguments are an answer to a question no one asked. This is *not* a case about *substantive* due process; the issue is whether the *procedure* Defendants used to terminate Plaintiff was lawful. Focusing on the wrongness of Plaintiff's conduct puts the cart before the horse. Yet time and again, that is what the MSJ does. Instead of grappling with case law and the Manual's text, Defendants brush away objections with the same mantra: Defendants "reasonably determined that Plaintiff should be terminated." Def. Mot. at 6. It is like a prosecutor trying to avoid evidence suppression by talking about all the drugs the police found.

But just as an unconstitutional search cannot "be justified by what it turns up[,]" (*Bumper v. North Carolina*, 391 U.S. 543, 548 (1968)), the wrongfulness of an employee's conduct cannot justify termination without due process. That is why "procedural due process violations focus on the sufficiency of the procedural protections afforded the plaintiff, not the state of mind of the officials who establish or apply the policies." *Dodds v. Richardson*, 614 F.3d 1185, 1209 (10th Cir. 2010).

Under longstanding Supreme Court precedent, Defendants were required to provide Plaintiff with notice and hearing "before the termination took effect." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S.

2

532, 545 (1985). Defendants decided not to. Thus, they are not entitled to summary judgment or qualified immunity.

## II. PLAINTIFF'S RESPONSES TO DEFENDANTS' UNDISPUTED MATERIAL FACTS ("DUMFS")

**DUMF No 1:** Undisputed that Plaintiff "voluntarily applied for and received a promotion to sergeant[.]" Def. Mot. at 2. Disputed that by doing so he "bec[ame] a probationary at-will employee with the County." *Id*. Under the Lea County Policy and Procedures Manual, 3rd Amendment, April 11, 2024 (the "Manual")[1], Plaintiff became a "regular employee" years ago, when he completed his initial probationary period. *See* Manual at Section 3.1(A). Accordingly, Plaintiff could only be terminated for "just cause" and had a right to notice and hearing prior to termination. *See* Manual at Section 4.2(A) ("County shall provide a formal disciplinary procedure for *all … regular employees*."). *See also*, Manual at 3.1(N) (after promotion, "*regular employee[s]* … [are] subject to a probationary period[.]" (emphasis added)); Manual at 3.1(Q) (discussing procedures for "regular employee[s] … who do[] not satisfactorily complete the probationary period following [promotion]").

---

[1] Puzzlingly, the MSJ cites the May 25, 2023, 2nd Amendment to the Lea County Policy and Procedures Manual. *See* MSJ Ex. A, Declaration of Kelly Livingston Dunford, at ¶ 11 (describing excerpts from the 2nd Amendment as the "Applicable Lea County Policy and Procedures."). To avoid confusion, this Response references the excerpts of the 3rd Amendment that accompanied Plaintiff's cross-motion for summary judgment. *See* Ex. 4 to Declaration of Benjamin Gubernick (Dkt. 24-1).

**DUMF No 2:** Undisputed for purposes of this motion, but irrelevant to any issue before the Court.

**DUMF No. 3:** Disputed. Defendants appear to be suggesting—without putting forward any evidence—that someone besides Gallegos terminated Plaintiff. The February 13, 2025, termination notice is signed by Gallegos, and the notice identifies Gallegos as the "Director" of the Lea County Detention Center ("LCDC"). *See* Dkt. 24-1 at Ex. 2. If Defendants contend that Gallegos was not responsible for Plaintiff's termination, they must adduce evidence to that effect and identify who was responsible. Defendants may not hide the ball.

**DUMF No. 4:** Undisputed that, per the Manual, *new-hire* probationary employees are terminable at will. Disputed that Plaintiff fits that classification. Also disputed that "Plaintiff's conduct was sufficient" to bypass the Manual's notice and hearing requirements. *See* response to UMF No. 1.

III. **Plaintiff's Additional Undisputed Material Facts ("PUMFS")**

**PUMF No. 1:** On January 27, 2025, Plaintiff was placed on administrative leave and barred from LCDC. Dkt. 24-1 at Ex. 1.

IV. **LEGAL STANDARD**

Summary judgment can only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To make

4

that showing, the movant must "inform[]the district court of the basis for its motion, and identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its initial burden, the non-movant can defeat summary judgment by showing that disputed material facts exist. *Id. Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). All reasonable inferences are drawn in favor of the nonmoving party *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001).

To defeat qualified immunity, "the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Coones v. Bd. of Cnty. Commissioners of Unified Gov't of Wyandotte Cnty./Kansas City, Kansas*, No. 24-3147, 2026 WL 158115, at *8 (10th Cir. Jan. 21, 2026).

V.     **ARGUMENT**

    **A. The Manual Vested Plaintiff with a Protected Property Interest in Continued Employment.**

This case is not about whether probationary employees have a right to continued employment. Rather, the question before the Court is: do *tenured* Lea County employees lose their *existing* rights s*ub silentio* every time they are promoted or transferred to a new position? The Manual's

5

robust protections for tenured employees—and the law's presumption against forfeiture of rights—suggest the answer is "no." Defendants, however, insist the answer is "yes." *See, e.g.,* Def. Mot. at 7 ("The only expectation that could be gleaned from the manual is that a promoted employee could request a demotion if performance fell short of expected standards."). Defendants' position is untenable.

To start with, the MSJ fails to engage with the Manual's plain text. Instead, the MSJ merely asserts, without citation, that "Plaintiff was not entitled to any process based on the plain language of Lea County's Personnel Manual." Def. Mot. at 5. That should be the canary in the coal mine, alerting the Court that something is very wrong indeed.

As discussed in more detail in Plaintiff's cross-motion for summary judgment, not everyone who is serving a *probationary period* is a *probationary employee*. The Manual explicitly states that employees who complete their initial probationary terms became regular employees. And upon promotion or transfer, they are "regular employee[s] … subject to a probationary period." Manual at Section 3.1(N). According to the Manual, they are still "regular employees," and can only be dismissed for just cause. Manual at Section 4.2(A). The MSJ does not even try to explain how a regular employee can be terminable at-will. That analytical gap alone prevents Defendants from meeting their initial burden on Plaintiff's due process and breach of contract claims.

6

Similarly, the MSJ is unable to harmonize its arguments with the Manual's express procedures for regular employees who fail post-promotion probation:

> If a regular employee, having already completed one probationary period when originally hired, is promoted or transferred and does not satisfactorily complete the probationary period following that change of status, the employee may with the approval of the appropriate department head(s) and the Human Resources Director be returned to the former position or a comparable position if such a position is available or an agreed upon subordinate position within the department if such is available. It will be solely within the discretion of the supervising Assistant County Manager or the County Manager if the employee may return to the former position or a comparable or subordinate position. If such a position is not available, the employee will be dismissed.

Manual at Section 3.1(Q). According to Defendants, all that provision does is allow "a promoted employee [to] request a demotion if performance [falls] short of expected standards." Def. Mot. at 7. But Section 3.1(Q) does not say anything about an employee "request[ing] a demotion." To the contrary, the Assistant County Manager or the County Manager decide whether to "return [the employee] to the former position or a comparable or subordinate position[.]" The employee does not "request" anything.

In summary, the MSJ rests on a premise that the Manual refutes: that when Lea County employees are promoted or transferred, they are "relegated" to probationary employment status. Def. Mot. at 6. Yet promotion is not punishment, and rights cannot be extinguished by mere

7

reclassification. *See McGraw v. City of Huntington Beach*, 882 F.2d 384 (9th Cir. 1989) (entitlement to due process despite post-promotion probationary period). Accordingly, the MSJ should be denied.

**B. There is no "Extra Bad Person" Exception to Due Process.**

Next, the MSJ claims that summary termination was appropriate because of "the severity of the conduct at issue." Def. Mot. at 2. More specifically, Defendants reason that "the undisputed fact that Plaintiff assaulted his estranged spouse, on camera, … eliminated any alternative discipline other than termination." *Id*. at 5. But to the extent that is even a legal argument, it is wholly without merit.

First, the Manual categorically requires notice and hearing prior to termination. Manual at Section 4.2(A). It contains no exception for situations where there exists "clear evidence establishing … unlawful and egregious conduct." Def. Mot. at 6. In fact, the Manual anticipates Lea County employees being charged with criminal offenses and treats that situation just like any other infraction. Manual at Sections 4.1(M)-(N).

Second, it is certainly true that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). But the MSJ fails to cite any authority that would permit Defendants to eschew constitutional minimums. That is because, of course, no such authority exists. "In determining whether [a] procedure … squares with the requirements of

8

due process the Supreme Court has repeatedly taken the position that the question whether the accused was in fact innocent or guilty of the crime charged is irrelevant and not to be considered." *U. S. ex rel. Collins v. Claudy*, 204 F.2d 624, 627 (3d Cir. 1953). There is no exception for "behavior unbecoming of any citizen[.]" Def. Mot. at 7. The MSJ's claim that Defendants had "no choice" but to terminate Plaintiff, (*id.*), is dead wrong as a matter of law.

Third, the MSJ's attempt to find a policy justification for Defendants' actions proves too much. Defendants argue:

> Imagine the consequence of demoting Plaintiff to an officer position knowing he battered someone and had been confined on criminal charges in the very place he was responsible for confining others at while being empowered to use potentially necessary force. Demoting Plaintiff into an officer position would have exposed Lea County to potential liability while raising serious questions about the ethics of employing a violent offender.

But the Supreme Court addressed this concern 40 years ago in *Loudermill*, when it stated: "in those situations where the employer perceives a significant hazard in keeping the employee on the job, it can avoid the problem by suspending with pay." 470 U.S. at 544–45 (1985). And in the present matter, Defendants followed that guidance—*Plaintiff was suspended and barred from LCDC on January 27, 2025, two weeks before he was terminated.*

"An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing

9

appropriate to the nature of the case." *Id*. at 542. Accordingly, Plaintiff was entitled to a "pretermination opportunity to respond[.]" *Id*. at 547. Defendants' "governmental interest in immediate termination d[id] not outweigh th[at] interest[]." *Id*. at 544. By affording Plaintiff neither notice nor hearing, Defendants failed to provide any process *at all*, much less what was "necessary" under the Due Process Clause. *Id*. at 542. The MSJ should therefore be denied.

### C. Gallegos is Not Entitled to Qualified Immunity.

Finally, the MSJ offers a boilerplate qualified immunity invocation. Yet the rights at issue have been clearly established for decades. No reasonable person in Gallegos' position would have believed he was acting lawfully.

### 1. Constitutional Violation.

To start with, it is settled law that a public employer's written policy restricting termination to "just cause" creates a protected property interest. *See e.g., Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir.1991) ("[I]f a … policy … restricts the reasons for discharge to 'just cause shown,' then the employee has a right to continued employment until such grounds or causes are shown." (Internal quotations omitted)).

And it is equally well established that "a public employee dismissable only for cause [is] entitled to a very limited hearing prior to his termination[.]" *Gilbert v. Homar*, 520 U.S. 924, 929 (1997) (discussing *Loudermill).*

Here, as a "regular employee" as that term is defined by the Manual, Plaintiff was entitled to a limited hearing prior to termination. It is undisputed that Plaintiff was not afforded *any* notice or hearing. Moreover, to the extent emergency action was required, that urgency dissipated as soon as Plaintiff was suspended. Accordingly, Plaintiff has demonstrated a constitutional violation.

### 2. Clearly Established Law.

Likewise, the contours of the rights at issue were sufficiently defined to alert Gallegos that his conduct was unlawful. *Loudermill* held that public employees who are terminable for cause have a constitutionally protected interest in their jobs. It further held that, as a minimum, such employees cannot be deprived of that right without notice and hearing. These basic rules were reaffirmed in *Gilbert*, where the Court held that although summary termination was impermissible under the Due Process Clause, a police officer could be summarily suspended. 520 U.S. at 932. Accordingly, any reasonable official in Gallegos' position would know that he was required to provide Plaintiff with "notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story." *Id*. at 929. *See also, McGraw*, 882 F.2d at 392 (due process violation on indistinguishable facts).

It bears emphasis: the MSJ does not claim that Plaintiff's termination resulted from uncertainty or confusion about whether he was entitled to due process. Rather, the MSJ's argument is clear: "Gallegos did not commit any clearly established Fourteenth Amendment due process violation without any case law prohibiting an employee's

11

termination without additional process given the *severity of the conduct at issue.*" Def. Mot. at 1 (emphasis added). *See also, id.* at 7 ("the County [had] no choice but to remove [Plaintiff] from employment[.]"); *id.* at 5 ("Plaintiff assaulted his estranged spouse, on camera, which eliminated any alternative discipline other than termination."). But whether Plaintiff's conduct warranted termination is constitutionally irrelevant "and not to be considered." *Claudy*, 204 F.2d at 627. Any reasonable public official would understand it has no bearing on procedural due process.

The notice and hearing requirement is a basic, general principle of law. Thus, Gallegos is only entitled to qualified immunity if "an *exception* to [that] bedrock constitutional principle[] *clearly exists.*" *Mascorro v. Billings*, 656 F.3d 1198, 1209 (10th Cir. 2011) (emphasis added). The MSJ, however, cites no legal authority even suggesting an applicable exception exists, much less that one is clearly established. And that void cannot be filled by outrage at Plaintiff's conduct. *See e.g., Ortiz v. New Mexico*, 550 F. Supp. 3d 1020, 1173 (D.N.M. 2021) (qualified immunity rejected where a defendant's proposed distinction "has no basis in the Tenth Circuit's caselaw.")

Finally, Gallegos cannot distance himself from Plaintiff's termination by claiming he merely "recommended" dismissal. The termination notice is signed by Gallegos. Drawing all reasonable inferences in Plaintiff's favor, Gallegos fired Plaintiff. Gallegos may not obtain qualified immunity by floating the suggestion—without evidence—that someone else might be responsible.

## VI. CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Respectfully submitted,

WGLA, LLP

*/s/Benjamin Gubernick*
Benjamin Gubernick
717 Texas Ave., Suite 1200
Houston, TX 77002
(346) 394-8056
ben@wglawllp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading was served on opposing counsel of record on this 30th day of January 2026 via CM/ECF:

*/s/Benjamin Gubernick*
BENJAMIN GUBERNICK