**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEVIN CERVANTES,

    **Plaintiff,**                   **No. 2:25-cv-00534-GJF-JHR**

LEA COUNTY BOARD
OF COUNTY COMMISSIONERS,
MARK GALLEGOS,

    **Defendants.**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT**

Plaintiff Kevin Cervantes ("Plaintiff"), through undersigned counsel, moves for leave of court to file a second amended complaint, a copy of which is attached as Exhibit 1 (the "Proposed SAC"). Defendants were contacted for their positions on June 9, 2026. Defendants promised to provide their positions by June 16, 2026, but never did.

1. The Proposed SAC does two things that will greatly streamline this litigation. First, it removes Mark Gallegos ("Gallegos") as a named defendant. Second, it adds a 42 U.S.C. § 1983 claim against the Board of County Commissioners (the "Board") pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

2. Removing Gallegos resolves many points of contention at the June 9 hearing on the parties' cross-motions for summary judgment. The issue of qualified immunity will be rendered moot, as that defense

1

is unavailable to the Board. *Owen v. City of Indep., Mo.*, 445 U.S. 622, 657 (1980). Ditto Defendants' argument that the decision to terminate Plaintiff might have been made by the Board on a whole (as opposed to just Gallagher).

3. Moreover, permitting amendment will better align Plaintiff's claims with the real disputed issue in this case. Specifically, whether the Board's interpretation of its written policies, as applied to regular employees serving a probation period, survives constitutional muster.

4. Finally, no party will be prejudiced by amendment. The Proposed SAC contains essentially no new factual allegations, and the Board was already the named defendant in Plaintiff's breach of contract claim (which largely mirrors the *Monell* claim).

For the foregoing reasons, Plaintiff respectfully requests leave to file the Proposed SAC.

Respectfully submitted,

WGLA, LLP

*/s/Benjamin Gubernick*
Benjamin Gubernick
717 Texas Ave., Suite 1200
Houston, TX 77002
(346) 394-8056
ben@wglawllp.com

*Attorneys for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading was served on opposing counsel of record on June 17, 2026 via CM/ECF:

*/s/Benjamin Gubernick*
BENJAMIN GUBERNICK

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**KEVIN CERVANTES,**

    **Plaintiff,**

**v.**                            **No. 2:25-cv-00534-GJF-JHR**

**LEA COUNTY BOARD OF**
**COUNTY COMMISSIONERS,**
**,**

    **Defendant.**

## [PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT

Kevin Cervantes ("Plaintiff"), through undersigned counsel, complains as follows against the Lea County Board of County Commissioners ("the Board" or "Defendant").

### PARTIES

1.    Plaintiff Kevin Cervantes resides in Lea County, New Mexico.

2.    Defendant Lea County Board of County Commissioners is the governing entity of Lea County, New Mexico. It is headquartered in Lea County, New Mexico. Its subsidiaries include the Lea County Detention Center ("LCDC").

### JURISDICTION & VENUE

3.    This court has personal jurisdiction because all parties reside in this New Mexico.

4.    This Court has subject matter jurisdiction because Plaintiff alleges a violation of federal law.

5.    Venue and forum are proper because substantially all events giving rise to this action occurred in Lea County, New Mexico.

### ALLEGATIONS

6.    Plaintiff is a former LCDC employee who was wrongfully terminated from his job in February of 2025.

1

7.    LCDC is a county-run jail. It houses inmates while they await trial, serve short sentences, or await transfer to other facilities.

8.    Plaintiff joined LCDC approximately 10 years ago as an officer.

9.    For the first year of Plaintiff's employment as an officer, he was on probationary status.

10.    Plaintiff successfully completed probationary status. Accordingly, pursuant to the Board and LCDC's policies, he could not be terminated without good cause and was entitled to notice and an opportunity to be heard.

11.    In October of 2024, Plaintiff was promoted to the rank of sergeant.

12.    Plaintiff's promotion was probationary until October of 2025. Pursuant to the Lea County Policies and Procedures Manual, if Plaintiff did not successfully complete probation he would be returned to his former position or a comparable subordinate position, provided that a position was available, or a subordinate position.

13.    On January 26, 2025, Plaintiff was arrested by Hobbs Police Department ("HPD") officers on criminal charges related to a domestic incident.

14.    On January 27, 2025, HPD officer James Van Zandt contacted a lieutenant at LCDC who harbored personal animus towards Plaintiff and provided the lieutenant with information and evidence related to the criminal case against Plaintiff.

15.    On February 12, 2025, Plaintiff was provided with a notice, signed by LCDC's Director, Mark Gallegos, notifying him that the Board had "chosen" to dismiss Plaintiff from his employment, effective immediately.

16.    Plaintiff was provided with no advance notice, opportunity to be heard, or any other due process. The Board and Gallegos claimed that no due process was required, as Plaintiff was on probationary status following his promotion to sergeant.

17.    On March 6, 2025, all criminal charges against Plaintiff were dismissed.

2

18.     At all relevant times, LCDC has had vacancies for officers. Accordingly, even if the Board had grounds for revoking Plaintiff's sergeant promotion, they were obligated to restore him to his former position or place him in an equivalent subordinate position.

**FIRST CAUSE OF ACTION**
**Violation of the Fourteenth Amendment – Procedural Due Process**
**42 U.S.C. § 1983**
**(Against the Board)**

19.     Plaintiff incorporates by reference all allegations in this complaint.

20.     The Fourteenth Amendment prohibits state and local governments from depriving any person of property without due process of law.

21.     Plaintiff possessed a protected property interest in continued employment with Lea County.

22.     Plaintiff acquired that protected property interest when he completed his initial probationary period and became a regular employee under the Lea County Policies and Procedures Manual.

23.     Under the Manual, regular employees are entitled to continued employment absent just cause for discipline or discharge.

24.     The Manual further provides regular employees with procedural protections before suspension, involuntary demotion, or dismissal, including notice, an opportunity to respond, and formal disciplinary procedures.

25.     Plaintiff's promotion to sergeant did not extinguish his status as a regular employee or divest him of his protected property interest in continued County employment.

26.     Upon promotion, Plaintiff became a regular employee serving a promotional probationary period.

27.     Nevertheless, Lea County treated Plaintiff as an at-will probationary employee who could be summarily terminated without notice, without a pretermination opportunity to respond, and without any determination of just cause.

3

28.     Lea County's treatment of Plaintiff was not a random, unauthorized, or isolated act by a low-level employee.

29.     Rather, Plaintiff's termination resulted from Lea County's official policy, official interpretation of its Manual, and the decision of officials with final policymaking authority over the challenged employment action.

30.     Lea County, through its authorized policymakers and decisionmakers, adopted, maintained, ratified, and applied a policy or practice under which regular County employees who are promoted, demoted, or transferred are treated as at-will probationary employees during their new position-specific probationary periods.

31.     Under that policy or practice, Lea County denies such employees the pretermination process otherwise owed to regular employees.

32.     Lea County's official position in this litigation confirms the existence of that policy or interpretation. Defendants have asserted that Plaintiff became a probationary at-will employee upon promotion, that he was not entitled to additional process, and that Lea County's Manual authorized his immediate termination.

33.     The decision to terminate Plaintiff was made, approved, ratified, and carried out by Lea County officials with final authority over the employment decision, including County administration and officials responsible for interpreting and applying the Manual.

34.     To the extent the County contends that the County Manager, Assistant County Manager, Human Resources Director, or other County officials possessed discretion to determine whether Plaintiff would be returned to a prior or comparable position or instead terminated, those officials exercised that discretion on behalf of Lea County and pursuant to County policy.

35.     The County's official policy, official interpretation of the Manual, ratification, and/ final policymaker decision was the moving force behind the deprivation of Plaintiff's procedural due-process rights.

36.     Had Lea County followed the Constitution and its own Manual, Plaintiff would have received, at minimum, notice of the contemplated termination, an explanation of the evidence against him, and a meaningful opportunity to respond before termination.

37.     Instead, Lea County terminated Plaintiff effective immediately without constitutionally adequate pretermination process.

38.     As a direct and proximate result of Lea County's policy, practice, ratification, and final policymaker decision, Plaintiff suffered damages, including lost wages, lost benefits, emotional distress, reputational harm, and other damages to be proven at trial.

## SECOND CAUSE OF ACTION
### Breach of Contract
### (Against the Board)

39.     Plaintiff incorporates by reference all allegations in this complaint.

40.     The Board's policies vested Plaintiff with a contractual right to continued employment, and a right to notice and hearing prior to termination.

41.     Plaintiff substantively performed all obligations under the employment agreement.

42.     The Board materially breached its contractual obligations by terminating Plaintiff without providing the required notice and hearing.

43.     As a result of the Board's breach, Plaintiff has suffered damages including lost wages and emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

44.     A judgment requiring Defendants to pay actual damages, as well as reasonable attorney's fees, expenses, and costs of suit, as well as punitive damages.

45.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

**WGLA, LLP**


By: _____
Benjamin Gubernick (SBN 145006)
WGLA, LLP
E-mail: ben@wglawllp.com
Telephone (346) 277-0287
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002