**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

KEVIN CERVANTES,

     Plaintiff,

v.                                           Civ. No. 25-534 GJF/JHR

LEA COUNTY BOARD
OF COUNTY COMMISSIONERS,
MARK GALLEGOS,

     Defendants.

**MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

THIS MATTER is before the Court upon Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 34) ("Motion to Amend"). The Motion to Amend is fully briefed. *See* Dkt. No. 35 (Response), 36 (Reply). For the reasons stated below, the Court **GRANTS** the Motion to Amend and **DENIES AS MOOT** Defendants' Motion for Summary Judgment and Qualified Immunity (Dkt. No. 22) and Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 24) without prejudice to the parties filing amended summary judgment motions addressing the claims in Plaintiff's Second Amended Complaint.

## I.   BACKGROUND

On May 1, 2025, Plaintiff filed suit against Defendants Lea County Board of County Commissioners ("Defendant County") and Lea County Detention Center Director Mark Gallegos ("Defendant Gallegos") in Lea County, New Mexico's Fifth Judicial District Court. Dkt. No. 1 at 3–6. The next day, and before Defendants answered, Plaintiff filed his First Amended Complaint. Dkt. No. 1 at 7–10*; see also Cervantes v. Lea County Board of County Comm'rs*, D-506-CV-2025-00464. In his First Amended Complaint, Plaintiff asserts two claims, one against Defendant

1

Gallegos in his individual capacity for violating his procedural due process rights under the Fourteenth Amendment (Count I) and another against the County for breach of contract (Count II). *See* Dkt. No. 1 at 7–10. On June 5, 2025, Defendants removed the case to this Court. Dkt. No. 1. They answered the First Amended Complaint a week later. Dkt. No. 3.

The Court issued a Scheduling Order, setting an August 11, 2025 deadline for Plaintiff to further amend his complaint. Dkt. No. 14. Although the Court imposed a discovery deadline, counsel advised at the initial scheduling conference that they believed "the case [would] be resolved on summary judgment regarding the effect of personnel policies and anticipate[d] presenting that issue to the presiding judge soon." Dkt. No. 12. To that end, on January 16, 2026, and without conducting discovery,[1] the parties filed cross-motions for summary judgment, each seeking judgment in their favor on Plaintiff's claims and Defendant Gallegos asserting qualified immunity as to Plaintiff's procedural due process claim. Dkt. No. 22; Dkt. No. 24.

The primary issue raised by the parties' cross-motions is relatively narrow: whether the County may terminate, without notice or hearing, a County employee who completed an initial probationary period, received a promotion, and had not yet completed his post-promotion probationary period. As the Court observed at its June 9, 2026 motions hearing, however, a factual dispute appears to exist in the summary judgment record as to whether Defendant Gallegos *terminated* Plaintiff or merely *recommended* his termination to the final decisionmaker(s). Dkt. No. 33 at 8. In his First Amended Complaint, Plaintiff alleges that "the decision to terminate Plaintiff was made by Gallegos." Dkt. No. 1 at 5 ¶ 19. In their Answer, Defendants indicate that they are "without knowledge or information sufficient to form a belief as to the truth of [that]

---

[1] Counsel for both sides represent that the parties did not conduct discovery on their claims and defenses, having concluded that the issues in dispute were of a purely legal nature and best suited for resolution on summary judgment. Dkt. No. 33 at 7; Dkt. No. 35 at 2.

allegation" and therefore deny it. Dkt. No. 3 at 2 ¶ 14. At the summary judgment stage, Plaintiff presents evidence that Defendant Gallegos signed the notice that advised Plaintiff of his termination (Dkt. No. 24, Ex. 2), whereas Defendants submit the Declaration of Kelly Livingston Dunford, Lea County's Assistant County Manager, in which she attests that "Mark Gallegos *recommended* [Plaintiff's] termination and, ultimately, it was determined he could not serve as a detention center officer" (Dkt. No. 22, Ex. A ¶ 10 (emphasis added)).

At the motions hearing, defense counsel urged the Court to decide the issue of qualified immunity without resolving Defendant Gallegos's role in Plaintiff's termination. Dkt. No. 33 at 9. Defense counsel also suggested that the First Amended Complaint is potentially deficient to the extent it seeks to hold an individual actor liable. *Id*. at 4. For his part, Plaintiff's counsel acknowledged that if there is evidence in the record that Defendant Gallegos merely *recommended* his termination, it may impact the Court's qualified immunity analysis. *Id*. at 8. Plaintiff's counsel emphasized that Plaintiff was attempting to hold accountable the decisionmaker(s) who caused his termination, not the individual who merely recommended disciplinary action. *Id*.

In light of the apparent factual dispute highlighted by the Court at the motions hearing, Plaintiff sought Defendants' concurrence on a proposed amendment to his complaint. Dkt. No. 36 at 3. Plaintiff's opposed Motion to Amend followed. Dkt. No. 34.

## II.  LEGAL STANDARD

Generally, a court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to allow amendment of the pleadings is within the discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The purpose of Rule 15 "is to provide litigants the maximum opportunity for each claim to be decided on its

merits rather than on procedural niceties." *Id.* at 1204 (internal quotations omitted). Leave sought must be freely given in the absence of any justifiable reason for the denial of the motion, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After a scheduling order deadline has passed, a party seeking leave to amend must not only satisfy Rule 15(a)'s standard but also demonstrate good cause for seeking modification under Rule 16(b)(4). *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014). Rule 16(b)(4)'s good cause standard requires a showing that the scheduling deadlines could not be met despite the plaintiff's diligent efforts. *Gorsuch*, 771 F.3d at 1240. A court may generally find good cause when the plaintiff has been diligent, where the need for more time was not foreseeable or the party's fault, and when refusing to grant the amendment would create a substantial risk of unfairness to the party. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). Mere carelessness does not satisfy the diligence requirement. *Id.* at 989.

Although prejudice is relevant to the inquiry, the focus is on the moving party's reasons for seeking the change. *See id.* at 988. The Tenth Circuit has "noted the 'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009) (quoting *Minter*, 451 F.3d at 1205 n.4).

## III. DISCUSSION

In his Motion to Amend, Plaintiff asks the Court to use its discretion to grant him leave to amend his complaint to "streamline the litigation" by removing Defendant Gallegos as a named defendant and by adding a claim against the County pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Dkt. No. 34 at 1. Plaintiff insists that

4

permitting him to amend in this manner will "resolve many points of contention" on the cross-motions for summary judgment and better align Plaintiff's claims to the "real disputed issue in the case," which he suggests is whether the County's "interpretation of its written policies, as applied to regular employees serving a probation period, survives constitutional muster." *Id*. at 2. Practically speaking, Plaintiff notes that granting him leave to file the proposed Second Amended Complaint will moot the issue of qualified immunity, as Defendant County is not entitled to such a defense. *Id*. at 1–2 (citing *Owen v. City of Indep., Mo.*, 445 U.S. 622, 657 (1980)). According to Plaintiff, permitting amendment will not prejudice Defendants, as the proposed Second Amended Complaint "contains essentially no new factual allegations" and Plaintiff's operative complaint already asserts a claim against Defendant County for breach of contract, which mirrors his proposed *Monell* claim. *Id*. at 2. Plaintiff further contends that permitting amendment will not introduce undue delay, as the trial date has been vacated, no additional discovery will be required, and the proposed Second Amended Complaint "rests on the same facts and interpretation of the Manual as the existing breach-of-contract claim." Dkt. No. 36 at 3 (citing *Navajo Nation Hum. Rts. Comm'n v. San Juan Cnty*. 281 F. Supp. 3d 1136, 1151 (D. Utah 2017)).

Conversely, Plaintiff suggests that if the Court *denies* leave to amend, then delay and wasted judicial resources will surely follow. *Id*. at 4. Specifically, Plaintiff contends that the Court would be forced to resolve the qualified immunity issue "infected by uncertainty over Gallegos's role" in his termination and with the possibility of a "remand-and-removal loop if Plaintiff later adds the *Monell* claim in state court" should the Court resolve his federal claim and decline to exercise supplemental jurisdiction over his state claim.[2] *Id*. Plaintiff urges the Court instead to

---

[2] At the motions hearing, Plaintiff's counsel emphasized that Plaintiff remains within the applicable statute of limitations. Indeed, Plaintiff alleges he was terminated on February 12, 2025 (Dkt. No. 1 at 8 ¶16), and the statute of limitations for a claim under 42 U.S.C. § 1983 is three years, *see Vasquez-Garcia v. Centurion, LLC*, 172 F.4th 1150, 1158 (10th Cir. 2026).

grant leave to amend and resolve the pending dispositive motions in light of his amended claims. *Id*.

In response, Defendants argue that Plaintiff's Motion to Amend is both untimely and futile. Dkt. No. 35 at 1–2. With respect to timeliness, Defendants note that Plaintiff's Motion to Amend comes nearly a year after the deadline for amending imposed in the Court's Scheduling Order and despite Defendant Gallegos having invoked the qualified immunity defense in his Answer to Plaintiff's First Amended Complaint. *Id*. at 2. With respect to futility, Defendants argue that "replacing Defendant Gallegos with a *Monell* claim does little to resolve the issues that have already been briefed and argued to the Court." *Id*. at 1. Defendants suggest that if amendment is permitted, "the same dispositive motions would be filed and argued simply without the arguments concerning qualified immunity." *Id*. at 2.

Having considered the record, the parties' arguments, and the posture of the case, the Court concludes that Plaintiff has satisfied the standards for both Rule 15(a) and 16(b)(4) and will permit amendment. The Court finds no evidence or argument of bad faith or repeated failure to cure deficiencies by amendments. Instead, Plaintiff's Motion to Amend comes on the heels of his counsel's recognition that the facts underlying his due process claim were not as settled as the parties contemplated when they decided to forego discovery. Dkt. No. 33 at 8 (explaining that the parties agreed at the initial scheduling conference that this was a one-legal-issue case that could be decided on the pleadings but acknowledging that this prediction may have been optimistic). To the extent Defendants contend that permitting amendment is futile, the Court is unpersuaded, as Defendants have not shown that Plaintiff's proposed Second Amended Complaint fails to state a claim under *Monell*. *See United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) ("A proposed amendment is futile if the complaint, as amended, would

be subject to dismissal.") (citation omitted). Even though Plaintiff's Motion to Amend comes at the summary judgment stage, after the parties have briefed and argued the merits of the operative complaint's claims, the proposed Second Amended Complaint nevertheless appears to streamline the litigation rather than expand it. Indeed, granting amendment will still permit the Court to resolve what Defendants describe as the "ultimate issue" in the case: "the enforceability of the County's personnel policy as written and applied against Plaintiff." Dkt. No. 35 at 2. Neither side suggests that permitting amendment will necessitate additional discovery, nor is a trial date looming. Defendant County will need to amend its summary judgment briefing to address Plaintiff's procedural due process claim in the context of a *Monell* claim, but even so, the Court discerns no undue prejudice to Defendants.

Although Plaintiff has satisfied the requisite standards for leave to amend, the Court does not share his view that the parties need not revise their summary judgment briefing. After all, the parties' briefing does not address his *Monell* claim. Moreover, much of the briefing was devoted to a distinct legal issue not implicated by the claims in the proposed Second Amended Complaint: whether Defendant Gallegos's actions in terminating Plaintiff, or recommending his termination, without notice or a hearing, violated clearly established rights of which an objectively reasonable person in Defendant Gallegos's position would have been aware. As a result, the better course is to deny as moot the cross-motions for summary judgment without prejudice to the parties filing amended motions targeted strictly to the claims presented in the Second Amended Complaint.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 34) is **GRANTED,** and Plaintiff shall file his Second Amended Complaint within seven (7) days of entry of this Order.

7

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment and Qualified Immunity (Dkt. No. 22) and Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 24) are **DENIED AS MOOT** without prejudice to the parties filing amended summary judgment motions.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*